IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:
VALERIE SUE PARKER.,
          DEBTOR,

CASE NO. 17-bk-50179
CHAPTER 13

---

VALERIE SUE PARKER.,
          PLAINTIFF,

v

AP CASE NO._____

BAYVIEW INSURANCE LLC;
BAYVIEW LOAN SERVICING LLC;
BAYVIEW ASSET MANAGEMENT LLC; and
PROCTOR FINANCIAL, INC.

          DEFENDANTS.

---

**COMPLAINT**

The Plaintiff, Valerie Sue Parker (Plaintiff) by her undersigned counsel, brings this adversary proceeding pursuant to Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure, to obtain a determination that Defendants, Bayview Insurance LLC, Proctor Financial, Inc., Bayview Loan Servicing LLC and Bayview Asset Management LLC, independently or jointly and severally, indemnify the Plaintiff from losses from damage to Debtor's home. For its complaint, the Plaintiff alleges and avers as follows:

**JURISDICTION AND VENUE**

1. Personal and subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§157 and 1334.
2. This matter is primarily a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i) and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, if this case is determined to be a non-core proceeding, then Plaintiff consents to the entry of a final order by the Bankruptcy Judge.
3. The events or omissions giving rise to the claim occurred in the Southern District of West Virginia. Venue lies in this District pursuant to 28 U.S.C. §§1391, 1408, and 1409.

**THE PARTIES**

4. The Plaintiff is an individual owner of residential real estate located in the Town of Alderson, in Greenbrier County, West Virginia.
5. BayView Insurance LLC (BVI) is an insurance company organized under the laws of the Commonwealth of Virginia.
6. Proctor Financial, Inc. (PFI) is an insurance company organized under the laws of the State of Michigan with principal offices in Plymouth Michigan.
7. BayView Loan Servicing LLC (BLS) is a company organized under the laws of the State of Delaware with principal offices located in Coral Gables, Florida and upon information and belief caused BVI to place a homeowner's insurance policy on Plaintiff's real estate.
8. BayView Asset Management LLC (BAM) is a company organized under the laws of the State of Delaware with principal offices located in Coral Gables, Florida and upon information and belief, owns and controls, directly or indirectly, BVI and BLS.

**Count One**

9. Plaintiff is a West Virginia resident whose home and other improved real estate is located in the Town of Alderson, in Greenbrier County, West Virginia.
10. Defendant PFI is an insurer which provided Plaintiff a forced place insurance policy containing various endorsements for coverage to indemnify the Plaintiff from losses due to claims asserted by the insured which upon information and belief was place by Defendant BLS with the intention that the policy would protect the Plaintiff from loss; against losses, and/or damages asserted or recoverable by the Plaintiff . Plaintiff believes that at the time Plaintiff incurred her loss the Defendant was licensed and authorized to conduct business in the State of West Virginia.
11. Plaintiff also received information from BLS indicating that her policy was forced placed by BVI providing policy terms similar to those outlines in Paragraph 7.
12. Plaintiff reserves its rights to proceed against the responsible insurer. Both PFI and BVI have been named as defendants but ultimately Plaintiff believes only one or the other will be determined to be the responsible insurer.
13. On June 23, 2016 the Plaintiff's home located at Town of Alderson, in Greenbrier County, West Virginia was inundated with flood waters, causing the loss and destruction of the various pieces of residential property.
14. The Plaintiff filed a "claim" with the responsible insurer and provided to it all of the information in support of its claim which was requested by the Defendant's adjuster assigned to "adjust" the loss which Plaintiff demonstrated to be in excess of $50,000.
15. Notwithstanding the Endorsement to the policy of insurance issued and delivered to the Plaintiff the

Defendant, BVI wrongfully failed to fulfill its obligation to its insured, the Plaintiff, and has failed and refused to satisfy the claim asserted by the Plaintiff for the loss of value to Plantiff's property and adjusted Plaintiff's claim to be valued at less than $10,000.

16. By reason of the failure and refusal of Defendent to satisfy the claim asserted against it, the Plaintiff has been caused to incur substantial attorneys' fees and other costs in and about its prosecution of the said claim.

17. The Plaintiff is also entitled to recover of and from the said Defendant its attorneys' fees and other costs in and about this action to enforce its rights under the policy of insurance issued by the said Defendant.

## Count Two

18. Plaintiff realleges paragraphs 1 through 12 above as if fully restated in this count.

19. The Defendant, BVI acted with actual malice toward the Plaintiff, or in the alternative, acted with a conscious, reckless, and outrageous indifference to the health, safety and welfare of others, including the Plaintiff.

20. By reason of the actions and conduct of the Defendant, the Plaintiff is entitled to recover of and from said Defendant, BVI an award of punitive damages in an amount which is sufficient to punish the said Defendant and to serve as an example to prevent the said Defendant and others from acting in a similar way in the future.

## Count Three

21. Plaintiff realleges paragraphs 1 through 14 above as if fully restated in this count.

22. Defendant BLS negligently caused policy of insurance for Plaintiff's real estate to be placed with Defendant BVI. As a consequence, Plaintiff has suffered both compensatory and indirect or consequential damages which flow from the Defendant BVI's breach of its contract with the Plaintiff.

23. Plaintiff is entitled to recover of and from the said Defendant BLS an award of both compensatory and indirect or consequential damages which it has suffered, and which flows from the Defendant's breach of its contracts with the Plaintiff.

## Count Four

24. Plaintiff realleges paragraphs 1 through 17 above as if fully restated in this count.

25. Defendant BAM negligently exercised dominion and control over its affiliates BVI and BLS causing direct and indirect harm to Plaintiff alleged in the foregoing counts. As a consequence, Plaintiff has suffered both compensatory and indirect or consequential damages which flow from the Defendant BVI's breach of its contract with the Plaintiff.

26. Plaintiff is entitled to recover of and from the said Defendant BLS an award of both compensatory

and indirect or consequential damages which it has suffered, and which flows from the Defendant's breach of its contracts with the Plaintiff.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants, Bayview Insurance LLC, Bayview Loan Servicing LLC and Bayview Asset Management LLC, as follows:

a) Plaintiff is entitled to an Order from this Court finding and declaring that Bayview Insurance LLC, is obligated to satisfy the claims asserted against it by Debtor.

b) Plaintiff is entitled to recover of and from the Defendants Bayview Insurance LLC, Bayview Loan Servicing LLC And Bayview Asset Management LLC its attorneys' fees and other costs in and about this action;

c) Plaintiff is entitled to recover of and from Defendants, Bayview Insurance LLC, Bayview Loan Servicing LLC And Bayview Asset Management LLC an award of both compensatory and indirect or consequential damages which it has suffered and which flow from the Defendant's breach of its contracts with the Plaintiff;

d) Plaintiff is entitled to recover of and from the said Defendant, Bayview Insurance LLC an award of punitive damages based upon said defendant's "bad faith" in an amount which is sufficient to punish the said Defendant and to serve as an example to prevent the said Defendant and others from acting in a similar way in the future, and

e) Plaintiff is also entitled to recover such other and further relief as this Court deems just and proper.

Respectfully submitted,

VALERIE SUE PARKER.,

By Counsel

*/s/ John F. Leaberry*
John F. Leaberry (WV Bar# 2168)
Law Office of John Leaberry PLLC
106 Patrick Street
Lewisburg, WV 24901
T: 304-645-2025
F: 888-469-6631
*Counsel for Plaintiff*